IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DARLENE GRIFFIN

vs.                                                    CIVIL ACTION _____
                                                       JURY REQUESTED

SENIOR LIVING PROPERTIES, LLC
D/B/A/ LINDALE HEALTHCARE CENTER

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

INTRODUCTION

1. The named Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendant. Defendant has failed to pay Plaintiff and others similarly situated for continuous workday activities which are integral and indispensable to their principal activities. For herself the named Plaintiff seeks her unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

PARTIES

2. The named Plaintiff, DARLENE GRIFFIN, was an employee of the Defendant. The Plaintiff brings this action to recover unpaid compensation due to her.

3. The Defendant., SENIOR LIVING PROPERTIES, LLC D/B/A LINDALE HEALTHCARE CENTER is a limited liability company doing business in the State of Texas. Defendant SENIOR LIVING PROPERTIES, LLC D/B/A LINDALE HEALTHCARE CENTER does

business in the Eastern District of Texas and can be served through its registered agent, CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas 75201-3136.

At all times relevant to this lawsuit, the Defendant has employed and continues to employ a substantial number of employees in non-exempt work. Defendant's business operation in Smith County, Texas, is, at present, and was at all times relevant to this lawsuit, engaged in the performance of related activities through unified operation or common control for a common business purpose and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

## FACTS

5. Defendant, SENIOR LIVING PROPERTIES, LLC D/B/A LINDALE HEALTHCARE CENTER is an employer and enterprise as those terms are defined by the FLSA.

6. At all times relevant hereto, Defendant has been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

7. At all times relevant hereto, Defendant has been an employer subject to the wage and hour provisions of the FLSA.

8. Defendant has repeatedly and willfully violated, and continues to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff for hours in

excess of forty (40) hours per week at a rate not less than one and one-half times the regular hourly rate of pay at which such employees are compensated ("overtime") 29 U.S.C. §206, 29 U.S.C. §207.

9. Plaintiff is employed in a position which is not exempt from the requirement that she be compensated for her hours of work by the payment of straight time and overtime. Defendant has repeatedly and consistently failed to pay Plaintiff her overtime wages, which is an integral and indispensable to her principal activities in her continuous workday.

10. The payments are proper for the 40 hours week but do not include any payments for overtime.

### REQUESTED RELIEF

11. Plaintiff has suffered and continues to suffer damages as a result of the Defendant's failure and refusal to pay proper compensation, as shown above, because of the Defendant's continued violations of the FLSA. Plaintiff is entitled to judgment granting her damages in the amount of the difference between the partial wages actually received by the Plaintiff and the full wages she is entitled to recover under the law, including all uncompensated overtime wages for hours worked for any activity that is integral and indispensable to the principal activities.

12. Plaintiff, in addition for her claim for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be granted:

1. Ordering the Defendant to pay the Plaintiff compensation due as a result of

Defendant's violation of the FLSA;

    2. Ordering Defendant to pay the Plaintiff liquidated damages;

    3. Granting injunctive relief by ordering Defendant to comply with the requirements of the FSLA.

    4. Ordering Defendant to pay Plaintiff's costs of court in this action;

    5. Ordering Defendant to pay Plaintiff's reasonable attorney fees and litigation expenses/costs, including expert fees and expenses; and

    6. Providing such other and further relief as is just and necessary.

Respectfully submitted,

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiff